```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

KATHERINE JEAN HARTUNG,

      Plaintiff,

v.                                  Civil Action No. 2:13-4178

REGINALD KENNETH YELVERTON
ADVANTAGE TANK LINES, LLC,
an Ohio Corporation doing business
as ATL Leasing Inc.,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the defendants' motion to dismiss the plaintiff's punitive damages claim, filed April 11, 2013.


I.


Plaintiff Katherine Jean Hartung is a West Virginia resident. Defendant Reginald Kenneth Yelverton is a North Carolina citizen. Defendant Advantage Tank Lines, LLC, d/b/a ATL Leasing Inc. ("Advantage Tank Lines") is an Ohio corporation that employs Reginald Kenneth Yelverton as a truck driver.

On June 29, 2011, Ms. Hartung was driving her car on Interstate 77 ("I-77") southbound near Edens Fork in Kanawha

County, West Virginia.  Mr. Yelverton was simultaneously operating an Advantage Tank Lines tractor-trailer in that same vicinity.  Mr. Yelverton was unfortunately operating the tractor-trailer at an exceptionally low rate of speed.  Ms. Hartung asserts that he was well below the lawful minimum speed limit of 55 miles per hour, operating the vehicle instead at a 5 to 10 mile per hour rate.  Ms. Hartung struck his vehicle when she attempted to switch lanes in order to avoid it.

Ms. Hartung's vehicle and the tractor trailer were severely damaged.  Mr. Yelverton provided a statement to law enforcement admitting that he was traveling  at approximately 5 to 10 miles per hour due to a heavy load of asphalt he was hauling.

Ms. Hartung was transported to the Charleston Area Medical Center for treatment.  She sustained injuries to her right femur, right ribs, right thigh, right arm, right ankle, head, and back.  She also suffered a pulmonary contusion resulting in, but not limited to, persistent headaches, pain and limitation of movement in her right leg and thigh.  She has undergone treatment and procedures including physical therapy, open reduction, internal fixation of the right femur, and the use of pain management medication.

She also alleges pain and suffering, loss of wages, loss of earning capacity, loss of ability to perform household services, loss of ability to enjoy life, mental anguish, apprehension, fright, anxiety, nervousness, worry, loss of dignity, humiliation, grief, shock, embarrassment, annoyance, aggravation and inconvenience, as well as other economic and non-economic damages both now and in the future.

On March 5, 2013, Ms. Hartung instituted this action. She alleges negligence against Mr. Yelverton and Advantage Tank Lines.  She seeks an award of punitive damages based upon her allegation that Mr. Yelverton acted with gross negligence, recklessness, and willful misconduct in operating the tractor-trailer.  She alleges the same culpability against Advantage Tank Lines for overloading its truck and directing Mr. Yelverton to expose the public to a known safety risk, which proximately caused Ms. Hartung's injuries.

Defendants now seek dismissal of the punitive damages request, asserting that it does "not set forth with specificity any fact, theory, law, or circumstance which could give rise to a claim for punitive damages in this matter."  (Mot. to Dism. at 1).  Ms. Hartung responds as follows:

> [T]he jury could easily find that Mr. Yelverton lacked
> attention to the roadway and was grossly negligent as
> he was aware of the issues with his vehicle which had

> caused it to slow down to 10-15 mph on the highway to
> violate the State's minimum speed limit, due to
> overloading and/or mechanical issues, but
> nevertheless, did not pull his vehicle to the side of
> the road or perform any other maneuver to remove the
> unsafe tractor trailer from the road. Further
> discovery may also reveal that the emergency flasher
> lights were not on and/or that the taillights were not
> working properly, which could have further alerted
> Plaintiff to the slow-moving vehicle. Defendants have
> a duty to ensure the safety of their truck and that
> their driver is properly trained to inspect for such
> hazards before entering his large commercial motor
> vehicle on the highway. These allegations, when taken
> in the light most favorable to Plaintiff, establish a
> factual scenario for recovering punitive damages under
> West Virginia law.

(Resp. at 9).  The defendants have not replied.

II.

A.  Governing Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

5

Respecting punitive damages, the governing rules are well settled. As recently stated in Syllabus Point 15 of <u>CSX Transp., Inc. v. Smith</u>, 229 W. Va. 316, 729 S.E.2d 151 (2012),

> "[i]n actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous."

<u>Id.</u> at 321-22, 729 S.E.2d at 156-57 (quoting Syl. Pt. 4, <u>Mayer v. Frobe</u>, 40 W. Va. 246, 22 S.E. 58 (1895)).

B. Analysis

Viewed in the light most favorable to Ms. Hartung, and providing her the benefit of all reasonable inferences, the defendants operated a tractor-trailer on I-77 with a load so heavy that it caused the speed of the vehicle to drop to approximately five percent of the minimum speed limit on a major interstate highway. Ms. Hartung explicitly alleges that this misconduct amounted to recklessness, a level of culpability that would, under West Virginia law, potentially give rise to an award of punitive damages. The court is thus unable to conclude, at this juncture, that Ms. Hartung has failed to state a plausible claim for punitive damages.

It is, accordingly, ORDERED that the defendants' motion to dismiss be, and hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

DATED: June 10, 2013

John T. Copenhaver, Jr.
United States District Judge